UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IN RE:

IN THE MATTER OF
$120,000.00 FORMERLY IN
NEIGHBORS FEDERAL CREDIT
UNION ACCT # 2000102626485 IN
THE NAME OF SOLITA SCOTT;
AND $92,742.63 FORMERLY IN
NEIGHBORS FEDERAL CREDIT
UNION ACCT # 2000102614668 IN
THE NAME OF KAI OLIVIER

CIVIL ACTION

NO. 21-00086-BAJ-RLB

RULING AND ORDER

This action seeks civil forfeiture of certain property derived from false loan applications. Now before the Court is the United States' **Motion For Entry Of Default Judgment And For Order Of Forfeiture (Doc. 8)**, seeking a final default judgment forfeiting the two Defendant Properties to the United States, namely the $120,000.00 formerly in Neighbors Federal Credit Union Account Number 2000102626485 in the name of Solita Scott and the $92,742.63 formerly in Neighbors Federal Credit Union Account Number 2000102614668 in the name of Kai Olivier. No party has appeared before the Court to claim an interest in these remaining Defendant Properties and there are no objections to the Government's motion. For reasons to follow, the Government's motion will be granted.

I. FACTUAL AND PROCEDURAL BACKGROUND

On February 8, 2021, the United States filed its verified complaint for

forfeiture *in rem,* seeking forfeiture to the United States of two properties allegedly traceable to violations of theft of government funds and wire fraud, pursuant to 18 U.S.C. § 981(a)(1)(C): namely (1) the $120,000.00 formerly in Neighbors Federal Credit Union Account Number 2000102626485 in the name of Solita Scott and (2) the $92,742.63 formerly in Neighbors Federal Credit Union Account Number 2000102614668 in the name of Kai Olivier. (collectively, the "Defendant Properties"). (Doc. 1, the "Verified Complaint"). The Defendant Properties were seized from potential claimants Solita Scott's and Kai Olivier's bank accounts and are currently in the possession of the United States Treasury. (Doc. 1, p. 2). The seizure followed federal agents' investigation into the allegedly fraudulent applications for Economic Injury Disaster Loans ("EIDL") filed by Ms. Scott and Ms. Olivier on behalf of separate businesses. (Doc. 1, pp. 2–6).

The Verified Complaint alleges that Ms. Scott and Ms. Olivier—through a "friend"—provided false domiciliary addresses to the Louisiana Secretary of State; gave false employee numbers to the Small Business Administration, who administers EIDLs; and wrongfully applied for EIDLs by applying for businesses that were registered after the EIDL loan deadline of February 1, 2020. (Doc. 1, pp. 2–6). The Verified Complaint further alleges that the Defendant Properties stem from the EIDL payments transferred to the two Neighbors Federal Credit Union accounts following the fraudulent EIDLs.

On March 22, 2021, the United States sent written notice of the Verified Complaint by certified U.S. Mail to Ms. Scott and Ms. Olivier pursuant to Rule

2

G(4)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure ("Supplemental Rule G"). (Docs. 8-2, 8-3, 8-4, 8-5). Consistent with Supplemental Rules G(4)(b)(ii)(B) and G(5)(a)(ii), the United States' March 22 notice letter advised that any claimant to the Defendant Properties was required to "file a verified claim by April 29, 2021, which is 'at least 35 days after the notice is sent.'" (Doc. 8-2, ¶ 3).

On March 20, 2021, the United States posted notice of the Verified Complaint regarding the $120,000.00 formerly in Neighbors Federal Credit Union Account Number 2000102626485 in the name of Solita Scott to http://www.forfeiture.gov, a U.S. Department of Justice forfeiture website, pursuant to Supplemental Rule G(4)(a)(iv)(C). (Doc. 8-6). This internet notice ran for 30 consecutive days and advised that any claimant to the Defendant Properties was required to file a verified claim within 60 days from the first day of publication—*i.e.*, not later than May 19, 2021. (*See* Doc. 8, p. 2).

Additionally, on August 26, 2021, the United States posted notice of the Verified Complaint regarding the $92,742.63 formerly in Neighbors Federal Credit Union Account Number 2000102614668 in the name of Kai Olivier to http://www.forfeiture.gov, pursuant to Supplemental Rule G(4)(a)(iv)(C). (Doc. 8-7). This internet notice ran for 30 consecutive days and advised that any claimant to the Defendant Properties was required to file a verified claim within 60 days from the first day of publication—*i.e.*, not later than October 25, 2021. (*See* Doc. 8-7).

In an abundance of caution, on January 7, 2022, the United States again posted

notice of the Verified Complaint regarding the $92,742.63 formerly in Neighbors Federal Credit Union Account Number 2000102614668 in the name of Kai Olivier to http://www.forfeiture.gov. (Doc. 8-8). The original notice incorrectly listed the amount as $92,742,62 and did not specifically list the financial institution and account number. (*See* Doc. 8-1, pp. 2–3). This additional internet notice ran for 30 consecutive days and advised that any claimant to the Defendant Properties was required to file a verified claim within 60 days from the first day of publication—*i.e.*, not later than March 8, 2022. (*See* Doc. 8-8).

On March 9, 2022, the United States submitted its Motion For Clerk's Entry Of Default as to the Defendant Properties, pursuant to Federal Rule of Civil Procedure 55(a), on the basis that "[n]o parties, including Solita Scott and Kai Oliver, filed a claim or an answer" within the time periods set forth at Supplemental Rule G(5)(a)(ii)(A) and (B). (Doc. 6-1, p. 3). The United States supports its motion with the declaration of Assistant U.S. Attorney J. Brady Casey. (Doc. 6-1). On March 11, 2022, the Clerk granted this motion, and entered default against the Defendant Properties. (Doc. 7).

Since the Clerk's entry of default, no party has filed a claim or an answer for the Defendant Properties, namely the $120,000.00 formerly in Neighbors Federal Credit Union Account Number 2000102626485 in the name of Ms. Solita Scott and the $92,742.63 formerly in Neighbors Federal Credit Union Account Number 2000102614668 in the name of Ms. Kai Olivier.

Now before the Court is the United States' Motion For Entry Of Default

4

Judgment And For Order Of Forfeiture (Doc. 8), seeking confirmation of the Clerk's entry of default, and a final judgment forfeiting the Defendant Currency to the United States. (Doc. 8).

**II.     LAW AND ANALYSIS**

**A. Standard**

The U.S. Court of Appeals for the Fifth Circuit has adopted a three-step process to obtain a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the Clerk when the default is shown "by affidavit or otherwise." *See id.* Third, a party may apply for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life*, 84 F.3d at 141.

After a party files for a default judgment, the Court applies a two-part analysis to determine whether a final default judgment should be entered. First, the Court considers whether the entry of default judgment is appropriate based on the factors set forth in *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). These factors are: (1) whether there are material issues of fact at issue, (2) whether there has been substantial prejudice, (3) whether the grounds for default have been clearly established, (4) whether the default was caused by excusable neglect or good faith mistake, (5) the harshness of the default judgment, and (6) whether the court would think itself obliged to set aside the default on a motion for relief from the judgment. *Id.*

Second, the Court assesses the merits of the action to determine whether the plaintiff has a claim for relief. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975); *Reyes v. VH Acoustic Ceilings, LLC,* No. 18-cv-00790, 2020 WL 504659, at *2 (M.D. La. Jan. 31, 2020) (Jackson, J.).

### B. Discussion

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Reyes*, 2020 WL 504659, at *2 (citing *Lindsey*, 161 F.3d at 893). Here, however, the United States' Verified Complaint remains unanswered, the Clerk of Court has entered default, and the United States has filed a motion for default judgment. Thus, the procedural requirements for default judgment have been satisfied, *New York Life*, 84 F.3d at 141, and the Court may turn to the merits of the Government's request.

#### i. *Lindsey* Factors

All *Lindsey* factors plainly favor entry of default judgment in the United States' favor.

First, there are no material facts in dispute because no person or entity filed a timely claim to the remaining Defendant Properties, namely the $120,000.00 formerly in Neighbors Federal Credit Union Account Number 2000102626485 in the name of Ms. Solita Scott and the $92,742.63 formerly in Neighbors Federal Credit Union Account Number 2000102614668 in the name of Ms. Kai Olivier.

Second, any putative claimants would not be unduly prejudiced by a default judgment because the United States has provided ample opportunity to respond

6

under the requisite procedures.

Third, the grounds for granting a default judgment against any potential claimants are clearly established by this action's factual and procedural history and the Clerk's entry of default.

Fourth, there is no evidence that default was caused by excusable neglect or good faith mistake.

Fifth, an entry of default would not be unduly harsh to any putative claimants because any and all such claimants were provided sufficient notice and opportunity to file a claim to the Defendant Properties based on the direct mailings and the publication on the DOJ website.

Finally, there has been no showing of any facts that would lead the Court to anticipate that it may set aside a default judgment if a claimant appears and contests it.

### ii. Sufficiency of the Pleadings

The merits of the United States' case are strong. Title 21 U.S.C. § 881(a)(6) provides that "[a]ll moneys . . . or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance . . . [and] all proceeds traceable to such an exchange" are "subject to forfeiture to the United States and no property right shall exist in them." Here, the Verified Complaint sets forth that the Defendant Properties consist of moneys traceable to fraudulent EIDL applications. Such moneys are unquestionably subject to forfeiture.

Moreover, upon entry of a default judgment in this matter, no one will have an

interest in, or claim to, the Defendant Currency. 21 U.S.C. § 881(a)(6). As such, a forfeiture judgment vesting all interests in, claims to, and title to, the Defendant Properties with the United States is warranted.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the United States' **Motion For Entry Of Default Judgment And For Order Of Forfeiture (Doc. 8)** be and is hereby **GRANTED**.

Judgment shall be issued separately.

Baton Rouge, Louisiana, this 13th day of December, 2022

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**